UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARYL S. BRANTELL,

                Plaintiff,

   v.                                              **DECISION AND ORDER**
                                                                   08-CV-884S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      Plaintiff Daryl S. Brantell challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled due to mental illness, depression, anxiety, paranoia, hearing problems, breathing problems, and lower back problems since March 31, 2004. (R. at 125, 701-2.)[1] Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on August 5, 2004. (R. at 121-23.) Plaintiff's applications were initially denied (R. at 89-91), prompting Plaintiff to request a hearing before an ALJ (R. at 85). The ALJ conducted a hearing on January 8, 2007, at which time Plaintiff appeared with counsel and tesdtified. (R. at 697-727.) The ALJ held a supplemental hearing on February 27, 2007. (R. at 728-78.) The ALJ considered the case *de novo*, and on February 28, 2008, issued a written decision denying Plaintiff's applications for benefits. (R. at 16-46.) On October 30, 2008, the Appeals Council denied

---

[1] March 31, 2004 represents an amended onset date. (R. at 701-2.)

1

Plaintiff's request for review. (R. at 6-8.) Plaintiff filed this action challenging Defendant's final decision on December 4, 2008.[2]

3. The parties subsequently filed Motions for Judgment on the Pleadings.[3] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on July 13, 2009. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must

---

[2] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Both Defendant and Plaintiff filed their Motions for Judgment on the Pleadings on May 26, 2009. (Docket No. 5 and 7.)

2

also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

3

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since March 30, 2004 (R. at 24); (2) Plaintiff's "degenerative disc disease at L3-4 and L4-5 with minimal narrowing of the disc spaces and small anterior osteophytes; minimal scoliosis with convexity to the right; obstructive lung disease ('COPD'); nicotine dependence; peripheral sensory neuropathy in his left hand status post amputation of the tips of his left thumb, left index and left middle fingers; borderline intellectual functioning; depressive disorder, not otherwise specified; and methadone dependence" constitute "severe" medically-determinable impairments within the meaning of the Act (R. at 25); (3) Plaintiff's medically-determinable impairments or a combination of impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4

4

(R. at 25-29); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work with certain limitations (R. at 29-43); and (5) Plaintiff is able to perform his past relevant work as an industrial cleaner (R. at 43).

In light of the ALJ's finding that Plaintiff was capable of performing his past work as an industrial cleaner, the ALJ was not required to determine if there was other work which he is capable of performing. See 20 C.F.R. § 404.1520. Nonetheless, the ALJ found that Plaintiff was capable of performing work that existed in significant numbers in the national economy. (R. at 44.) In particular, the ALJ found that Plaintiff could perform the work of an undercoater, laminating machine offbearer, counter clerk (photofinishing), surveillance system monitor, and housekeeping cleaner. (R. at 44.) Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from March 31, 2004, through February 28, 2008, the date of the ALJ's decision. (R. at 45-46.)

10. Plaintiff advances seven challenges to the ALJ's decision. First, Plaintiff argues that the ALJ erred by not re-contacting Dr. Jeffrey Kashin. (Pl.'s Mem., Docket No. 7, pp. 4-8.) In a report dated December 21, 2006, Dr. Kashin opined that Plaintiff was psychiatrically disabled. (R. at 537.)[4] Plaintiff argues that the ALJ erred by failing to re-contact Dr. Kashin "for a more specific medical interpretation of why he was 'disabled.'" (Pl.'s Mem., p. 7.) Plaintiff argues that remand is required because the ALJ's failure to re-contact Dr. Kashin resulted in the ALJ "rendering her own quasi-medical opinion." (Id.)

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e). Additional

---

[4] In a separate report, which is also dated December 21, 2006, Dr. Kashin submitted what the ALJ termed a "functional assessment" of Plaintiff's mental limitations. (R. at 36 n. 8; 542-44.)

5

evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998). Nonetheless, even "if all of the evidence . . . including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, [the ALJ] will weigh all of the evidence and see whether [a disability determination can be made] based on the evidence [presented]." 20 C.F.R. § 404.1527(c)(2).

Applying these principles to the instant case, this Court finds that the ALJ's decision to not re-contact Dr. Kashin is supported by substantial evidence. First, it is well-settled that the ultimate determination of whether a plaintiff meets the statutory definition of disability is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(1). Second, the ALJ explicitly considered whether she needed to re-contact Dr. Kashin for clarification of his opinion that Plaintiff was psychiatrically disabled. (R. at 36 n. 8.) However, the ALJ determined that re-contact was not necessary in light of Dr. Kashin's functional assessment wherein he evaluated Plaintiff's mental limitations. (R. at 36-37 n. 8.) Lastly, it is clear that the record, which spans approximately 800 pages in length, contains sufficient evidence from which the ALJ could make a disability determination. In fact, when evaluating Plaintiff's psychiatric abilities, the ALJ not only considered the opinion of Dr. Kashin, but also the opinions of two other medical professionals – Drs. Kevin Duffy and Madan Mohan. (R. at 34-35.) Thus, in light of the foregoing, Plaintiff's first challenge is rejected.

11.     Second, Plaintiff contends that the ALJ cursorily rejected the two opinions of Dr. Kashin, his treating physician, in violation of SSR 96-2p. (Pl.'s Mem., pp. 8-13.) The opinions at issue are both dated December 21, 2006. (R. at 537, 542-44.) According to

Plaintiff, the case must be remanded so that the ALJ can properly consider these two opinions. (Pl.'s Mem., pp. 12-13.)

Generally, "the Social Security Administration is required to explain the weight it gives to the opinions of a treating physician." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999). Moreover, Social Security Ruling 96-2p provides that:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-p, 1996 WL 374188, at *5 (S.S.A. Jul. 2, 1996).

Having reviewed the ALJ's treatment of Dr. Kashin's two opinions at issue, this Court finds no error. As an initial matter, this Court notes that the ALJ expressly adopted Dr. Kashin's opinion which provided a functional assessment of Plaintiff's mental limitations. (R. at 36.) In fact, the ALJ's RFC assessment mirrors the findings Dr. Kashin set forth in this opinion. (compare R. at 29 with R. at 542-44.)

The ALJ, however, refused to extend controlling weight to Dr. Kashin's opinion that stated Plaintiff was psychiatrically disabled. (R. at 36.) However, despite Plaintiff's contention, the ALJ did not cursorily reject this opinion. Rather, the ALJ explained that it was entitled to little weight because Dr. Kashin failed to consider the effect that Plaintiff's substance abuse history may have on his mental limitations. (R. at 36.)

Lastly, in an attempt to bolster the strength of Dr. Kashin's opinion declaring Plaintiff psychiatrically disabled, Plaintiff argues that it is consistent with the other evidence of record. (Pl.'s Mem., pp. 10-11.) However, this characterization of the opinion and the record as a whole is without support. For instance, Dr. Mohan, a State agency psychologist, opined that Plaintiff's mental impairments resulted in only moderate

7

restrictions in his daily living, and that he did not have any marked limitations. (R. at 35; 481-82.) Dr. Mohan further opined that Plaintiff was not significantly limited in the ability to understand, remember, and carry out short and simple instructions; understand and remember detailed instructions; make simple work-related decisions; travel in unfamiliar places; use public transportation; ask simple questions. (R. at 481-82.) Further, Dr. Duffy, Psy. D., opined that Plaintiff could follow and understand simple instructions; perform simple tasks independently; maintain attention and concentration for most tasks; perform complex tasks with relative independence; and relate adequately with others. (R. at 34, 459, 464.) Lastly, the ALJ noted that Dr. Duffy opined that Plaintiff may have some difficulty dealing appropriately with stress, caused by depression and exacerbated by his recovery from polysubstance abuse. (R. at 34.) Accordingly, Plaintiff's second challenge is rejected.

12. Third, Plaintiff argues that the ALJ erred by failing to properly evaluate an opinion dated February 4, 2008 ("February opinion") by his nurse practitioner, Louis Pawlowski, under the requirements of SSR 06-3p. (Pl.'s Mem., pp. 13-17.) According to Plaintiff, the ALJ "summarily dismissed [his opinion] simply because he was too low on the pecking order to be considered." (Pl.'s Mem., p. 15.)

Under SSR 06-3p, nurse practitioners are considered non-acceptable medical sources." SSR 06-3p, 2006 WL 2329939, at *2 (S.S.A.) As such, their opinions "may be considered with respect to the severity of the claimant's impairment and ability to work, but need not be assigned controlling weight." Genier v. Astrue, 298 Fed. Appx. 105, at * 4 (2d Cir. 2008); see also SSR 06-3p, 2006 WL 2329939, at **2-3 (S.S.A. Aug. 9, 2006). Although the ALJ is "certainly free to consider the opinions of these 'other sources' in making his overall assessment of a claimant's impairments and residual abilities, those

8

opinions do not demand the same deference as those of a treating physician." Genier, 298
Fed. Appx. at *4.

Here, this Court finds that the ALJ's decision to extend little weight to Louis
Pawlowski's February opinion is supported by substantial evidence. Rather than
summarily dismissing this opinion as Plaintiff contends, the ALJ explained that it was
inconsistent with Mr. Pawlowski's prior opinion dated December 5, 2006 ("December
opinion"). (R. at 41.) For instance, in his February opinion, Mr. Pawlowski stated that
Plaintiff could never lift or carry any weight, could sit and stand for two hours at one time,
and could not walk for more than two hours. (R. at 674-75.) However, in his December
opinion, Mr. Pawlowski stated that Plaintiff could lift and carry up to 20 pounds, and that
he had no limitations in sitting or walking. (R. at 545.)[5] The ALJ also found Mr.
Pawlowski's February opinion was unsupported by the medical evidence of record. (R. at
41.) Thus, it is clear that the ALJ did not "summarily dismiss" Mr. Pawlowski's February
opinion.

To the extent Plaintiff argues that the ALJ failed to consider Mr. Pawlowski's
February opinion simply because he was "too low on the pecking order," this Court is
unpersuaded. If the ALJ held such a belief, she would have not credited *any* of Mr.
Pawlowski's opinions. However, the ALJ credited Mr. Pawlowski's December opinion. (R.
at 37, 41.) Accordingly, this Court finds that the ALJ appropriately considered Mr.
Pawlowski's February opinion under the requirements of SSR 06-3p and, therefore,
Plaintiff's third challenge is rejected.

13.     Fourth, Plaintiff argues that the ALJ substituted his opinion for that of the

---

[5] This Court also notes that Mr. Pawlowski's February opinion is inconsistent with Plaintiff's own statement at the hearing where he stated that he could lift 15 pounds. (R. at 755.)

9

medical professionals. (Pl.'s Mem., pp. 17-18.) According to Plaintiff, the ALJ's decision is based on her own interpretation of the objective medical evidence. (Pl.'s Mem., p. 17.) Plaintiff further contends that the ALJ "ignored" his subjective complaints. (Id.)

Plaintiff's argument is baseless. There is nothing to indicate that the ALJ substituted her judgment for that of the medical professionals, or that the ALJ interpreted the medical findings. Rather, the ALJ carefully reviewed and weighed the medical evidence of record, including a number of test results, and ultimately determined that the evidence did not support Plaintiff's claim of disability.

What is more, after engaging in an extensive discussion about Plaintiff's physical impairments, the ALJ determined that the objective medical evidence does not support his subjective complaints. (R. at 41.) Plaintiff's argument that his complaints are corroborated simply because tests were ordered is unpersuasive, as the tests could have been ordered for any number of reasons. Lastly, for the reasons discussed below in the context of Plaintiff's sixth objection, this Court finds that the ALJ appropriately determined that Plaintiff lacked credibility and, therefore, his subjective complaints were not entitled to much weight. Accordingly, Plaintiff's fourth challenge is rejected.

14. Fifth, Plaintiff argues that the ALJ erred by not considering his "good work history." (Pl.'s Mem., pp. 19-20.) "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01 Civ. 3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be

10

"feigning disability." Patterson, 978 F. Supp. at 519.

However, the ALJ's failure to take account of a plaintiff's good work history does not necessarily require remand where the credibility assessment is supported by substantial evidence. See Messina v. Astrue, No. 09 Civ. 2509, 2009 WL 4930811, at *7 (S.D.N.Y. Dec. 21, 2009); see also Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

Here, despite Plaintiff's contention, the ALJ discussed his prior work history. For instance, by noting his experience as a tune-up mechanic, industrial cleaner, construction worker, and automobile-repair service estimator, the ALJ demonstrated her familiarity with Plaintiff's work history. (R. at 24, 43-44.) Moreover, the ALJ even noted that Plaintiff worked "off the books." (R. at 25.) Thus, it is clear that the ALJ did not ignore this evidence. But even if there was no discussion about Plaintiff's work history, the ALJ's determination that Plaintiff lacked credibility is so strongly supported that it would not affect the outcome. Accordingly, Plaintiff's fifth challenge is rejected.

15. Sixth, Plaintiff argues that the ALJ failed to properly assess his subjective complaints. (Pl.'s Mem., pp. 20-22.) In support, Plaintiff argues that his complaints are supported by the objective medical evidence of record. Plaintiff further contends that the ALJ's decision is "void of any meaningful discussion of the factors cited [in SSR 96-7p]." (Id. p. 21.)

Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir.

1984). In making a credibility determination, SSR 96-7p sets forth a number of factors for the ALJ to consider when weighing credibility, including the plaintiff's daily activities, factors that precipitate and aggravate the symptoms, any medication taken to alleviate the pain symptoms, and any measures used to relieve the pain. SSR 96-7p, 1996 WL 374186, at *3 (S.S.A.).

Here, this Court finds that the ALJ's determination that Plaintiff lacked credibility is supported by substantial evidence. For instance, in support of her determination, the ALJ noted Plaintiff's long history of drug abuse, including marijuana, heroin, cocaine, methadone, and prescription drugs. (R. at 31-32, 40.)[6] The ALJ also noted that Plaintiff tested positive for drugs despite the fact that he denied drug use (R. at 30-31) and, despite his long history of arrests, including multiple driving while intoxicated charges (R. at 31), 12-15 drug-related offenses (R. at 38), and charges for failure to appear in court (R. at 32), he denied any legal history (R. at 33). The ALJ also cited Plaintiff's inconsistent statements. (R. at 40.) For instance, on one occasion, Plaintiff stated that his business closed because it was slow and, on another occasion, he indicated that he lost his business to his ex-wife in a divorce settlement. (R. at 32, 34, 40.)

The ALJ also considered Plaintiff's daily activities. Specifically, despite his claim of disability, Plaintiff indicated that he was able to cook, do laundry, clean, shop, use public transportation, and pay bills. (R. at 136-39.) The ALJ also noted that Plaintiff attended college and worked off the books during the time he alleged he was disabled. (R. at 40, 158, 383, 709-10.) Accordingly, Plaintiff's sixth challenge is denied.

16.  Seventh, Plaintiff argues that his daily activities are not inconsistent with a

---

[6] The ALJ also discussed that Plaintiff's treatment notes reflect his attempt to "self-medicate." (R. at 32.)

finding that he is disabled. (Pl.'s Mem., p. 22.) Plaintiff maintains that his "limited performance of some activities does not rise to a level comparable with full-time sustained employment. (Id.)

This argument is rejected. As an initial matter, this Court disagrees with Plaintiff's contention that his ability to cook, do laundry, clean, shop, use public transportation, pay bills, attend college, and paint homes is not necessarily inconsistent with finding him to be disabled. (R. at 136-39, 158, 383, 709-10.) But even if this Court agreed with Plaintiff, it would not affect the outcome of the ALJ's disability determination because the ALJ not only relied upon Plaintiff's performance of certain activities, but also relied on the medical evidence of record. And after weighing all of the evidence in its totality, the ALJ concluded that Plaintiff was not disabled. Thus, Plaintiff's final challenge is denied.

17. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is

DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: March 19, 2010
       Buffalo, New York

<u>/s/William M. Skretny</u><br>
WILLIAM M. SKRETNY<br>
Chief Judge<br>
United States District Court